UNITED STATES

v.

KNICKERBOCKER PRINTING CORP.

No. 205, Docket 22980.

United States Court of Appeals, Second Circuit.

Argued April 12, 1954.

Decided May 14, 1954.

stallation such as wiring connections and the foundations. Defendant removed such of these as were removable before delivery of possession to the Government, leaving the foundations and irremovable connections. After the first report came in from the commissioners, Judge Knox returned the case to them to find the value of fixtures installed by the tenant, United States v. Certain Parcels of Land in Borough of Manhattan, etc., D.C.S.D. N.Y., 102 F.Supp. 854, but thereafter refused to change his order when it appeared that all the installations had been made prior to the present lease. An appeal originally taken by the present owners of the building claiming an increased allowance to cover such fixtures was abandoned.

■ Thus defendant to succeed here must show error in Judge Knox's ruling that it was entitled to an award only for such trade fixtures as it installed during its term of rental. This ruling seems to us clearly right under the terms of its lease, which in Article 13 provided for termination of the lease on condemnation, and in Rider 4 for joinder of the tenant with the landlord's permission in the condemnation proceedings and for receipt by the tenant of such part of any award as may reflect certain expenses or matters not here pertinent "and/or the value of any improvements made by the tenant to the extent that same were not amortized over the balance of the term of the lease." Hence any claim in the premises is that of the owners which has been finally settled on the abandonment of their appeal. Nothing is therefore due this tenant for such fixtures. We add that had the lease not been thus specific, defendant, it seems, would have had difficulty in showing the amount or the value of this rather aged machinery—its attempts to show reproduction costs led to evidence far from convincing—or even affirmative ownership or right in itself to the property claimed.

Affirmed.

Roger P. Marquis, Atty., Dept. of Justice, Washington, D. C. (Perry W. Morton, Asst. Atty. Gen., and Elizabeth Dudley, Atty., Dept. of Justice, Washington, D. C., and Harry T. Dolan, Sp. Asst. to the Atty. Gen., on the brief), for plaintiff-appellee.

Harry Rodwin, New York City (Goldwater & Flynn, Monroe Goldwater, and Bernard Katz, New York City, on the brief), for defendant-appellant.

Before SWAN, CLARK, and HINCKS, Circuit Judges.

PER CURIAM.

Defendant's appeal from an asserted inadequate award in condemnation proceedings is based upon the failure of the commissioners and the district judge to make it an allowance for trade fixtures installed in the building of which it was tenant under a twenty-one year lease. This eleven-story structure was a specialty building erected in 1905 to serve the printing and book binding industry; and there had been placed in it costly and expensive heavy machines with special in-